■ JERRY RUSSO, Individually and as Custodian for GARY S. RUSSO et al., Appellants, v BECKER SECURITIES CORPORATION, Respondent.—Order, Supreme Court, New York County, entered February 16, 1979, granting defendant's motion to dismiss the complaint for failure to state a cause of action reversed, on the law, with costs, and the motion denied without prejudice to a motion for summary judgment after issue has been joined. The complaint alleges that plaintiffs utilized the services of Advisory Investment Service (AIS), an investment advisory firm, to advise them with respect to the purchase and sale of stocks and bonds, and to place orders for these transactions with defendant and other stock brokerage firms. Proceeds from the sales, in the form of checks payable to plaintiffs, were sent by defendant to AIS. Mr. Sfisco, the president of AIS during the period in question, is alleged to have forged plaintiffs' signatures on these checks, deposited them in his own bank accounts, and then converted the funds to his own use. Plaintiffs here sue for the proceeds of the above-mentioned sales, alleging in substance that defendant did not discharge its obligations by sending the checks to AIS. Special Term granted defendant's motion to dismiss the complaint for failure to state a cause of action, holding, on the authority of *Hutzler v Hertz Corp.* (39 NY2d 209), that plaintiffs, by designating a dishonest agent to represent them, were precluded from denying the forged signatures. In *Hutzler,* the agent was a lawyer who forged his client's signature on a settlement check made payable jointly to the attorney and the client. The Court of Appeals held that an attorney retained to collect a debt or to recover damages for personal injuries has at least apparent authority to receive payment from the debtor or tort-feasor after settlement or entry of judgment. On a motion to dismiss the complaint for failure to state a cause of action, the court is necessarily limited to considering the legal sufficiency of the allegations in the complaint. The allegations here do not support the conclusion as a matter of law that AIS was authorized or apparently authorized to receive payments on behalf of the plaintiffs. The nature of the agency relationship requires further factual development. (See Restatement, Agency 2d, § 71, Comment *a;* see, also, *Higgins v Moore,* 34 NY 417, 418.) Concur—Murphy, P. J., Kupferman, Birns, Sandler and Sullivan, JJ.